### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES ROBERT HAMILTON and | ) | |
| RICHARD A. KUS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1216-M |
| | ) | |
| WATER WHOLE INTERNATIONAL | ) | |
| CORPORATION d/b/a FLORAN | ) | |
| TECHNOLOGIES, an Oklahoma | ) | |
| corporation; FLORAN TECHNOLOGIES | ) | |
| (BARBADOS) INC.; FLORAN | ) | |
| TECHNOLOGIES (U.S.) INC.; and | ) | |
| WOLFGANG ZWANZIGER, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is plaintiffs' Motion to File Second Amended Complaint. Defendants Water Whole International Corporation and Floran Technologies (U.S.) Inc. have filed a response and objection to plaintiffs' motion, and plaintiffs have filed their reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiffs move this Court for leave to file a second amended complaint adding Floran Technologies Inc., a Canadian corporation, as a defendant. Plaintiffs assert that Floran Technologies Inc. is an alter ego and/or successor corporation of defendant Water Whole International Corporation. Defendants object to plaintiffs' proposed amendment.

Rule 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and <u>leave shall be freely given when justice so requires</u>." Fed. R. Civ. P. 15(a) (emphasis added).

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations and citation omitted).

Defendants object to the proposed amendment and contend that through their motion to amend, plaintiffs are seeking to circumvent the Court's previous order denying the appointment of a receiver.   Defendants further contend that they will be prejudiced by this amendment.  Finally, defendants contend that plaintiffs have offered no evidence to support the addition of Floran Technologies Inc. as a defendant and that Floran Technologies Inc. has no connection to the actions at issue in this case.

Having carefully reviewed the parties' submissions, the Court finds that justice requires that plaintiffs be granted leave to amend their complaint.  Specifically, the Court finds that there has been no undue delay by plaintiffs in seeking to amend and that plaintiffs timely moved to amend upon receipt of information supporting the proposed amendment.  The Court further finds that defendants have not demonstrated that they will be prejudiced if plaintiffs are allowed to amend their complaint.  The Court also finds that plaintiffs are not seeking to circumvent this Court's order denying the appointment of a receiver.  Finally, the Court finds that any argument that Floran Technologies Inc.

has no connection to the instant action would more properly be brought through a motion to dismiss after the second amended complaint has been filed.

Accordingly, the Court GRANTS plaintiffs' Motion to File Second Amended Complaint [docket no. 67]. Plaintiffs are granted leave to file a Second Amended Complaint adding Floran Technologies Inc. as a defendant. Plaintiffs shall file their Second Amended Complaint within seven (7) days of the date of this Order.

**IT IS SO ORDERED this 28th day of December, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE