**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ROBERT HAMILTON and<br>RICHARD A. KUS,<br><br>        Plaintiffs,<br><br>vs.<br><br>WATER WHOLE INTERNATIONAL<br>CORPORATION d/b/a FLORAN<br>TECHNOLOGIES, an Oklahoma<br>corporation; FLORAN TECHNOLOGIES<br>(BARBADOS), INC.; FLORAN<br>TECHNOLOGIES (U.S.), INC.;<br>WOLFGANG ZWANZIGER, an<br>individual; and FLORAN<br>TECHNOLOGIES, INC., a Canadian<br>corporation,<br><br>        Defendants. | Case No. CIV-04-1216-M |

## ORDER

Before the Court is defendant Floran Technologies, Inc.'s ("Floran") Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Personal Jurisdiction, filed February 20, 2006. On March 10, 2006, plaintiffs filed their response. Based upon the parties' submissions, the Court makes its determination.

Floran asserts that it does not have the requisite "minimum contacts" with the Western District of Oklahoma for this Court to exercise personal jurisdiction over it. A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material:

> the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the

> parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Id.* (internal citations omitted).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Id.* Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution; consequently, "the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Id.*

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The "minimum contacts" standard may be met in two ways: general jurisdiction or specific jurisdiction. "When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." *Intercon*, 205 F.3d at 1247. General jurisdiction arises when a defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Plaintiffs assert that defendants Floran Technologies (U.S.), Inc. ("Floran US") and Floran Technologies (Barbados), Inc. ("Floran Barbados"), both of which are wholly owned subsidiaries of Floran, are the alter egos of Floran, and, thus, their contacts with Oklahoma should be imputed to Floran. Plaintiffs further assert that based upon these contacts, Floran has sufficient continuous

and systematic contacts with Oklahoma to subject it to the Court's general jurisdiction.

Generally, a "parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Benton v. Cameo Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004). However, if a subsidiary is an alter ego of the parent corporation, the companies are not treated separately, and for personal jurisdiction purposes, the acts and conduct of the subsidiary are imputed or attributed to the parent company. *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1020-1021 (10th Cir. 1990).

To determine whether a subsidiary is an alter ego of its parent company, a court should consider the following factors: (1) the parent corporation owns all or most of the subsidiary's stock, (2) the corporations have common directors or officers, (3) the parent provides financing to its subsidiary, (4) the parent corporation subscribes to all the other's stock, (5) the subsidiary is grossly undercapitalized, (6) the parent pays the salaries, expenses or losses of the subsidiary, (7) almost all of the subsidiary's business is with the parent or the assets of the former were conveyed from the latter, (8) the parent refers to its subsidiary as a division or department, (9) the subsidiary's officers or directors follow directions from the parent corporation, and (10) legal formalities for keeping the entities separate and independent are not observed. *Frazier v. Bryan Mem'l Hosp. Auth.*, 775 P.2d 281, 288 (Okla. 1989). In making this determination, the commonality of purpose between the corporations is also important. *Oliver v. Farmers Ins. Group of Cos.*, 941 P.2d 985, 987 (Okla. 1997).

In the case at bar, it is undisputed that Floran owns all of Floran US' stock. Further, plaintiffs have submitted evidence that Floran and Floran US have numerous common directors and officers. In fact, all of Floran US' directors are also directors of Floran, and all of Floran's officers

are also officers of Floran US. *See* Plaintiffs' Exhibit 9, attached to plaintiffs' response to Floran Barbados' motion to dismiss. Additionally, plaintiffs have presented evidence that Floran conveyed the operating assets of defendant Water Whole International Corporation to Floran US. *See* Plaintiffs' Exhibit 1, attached to plaintiffs' response to Floran Barbados' motion to dismiss. Finally, plaintiffs have submitted evidence of the commonality of purpose between Floran and Floran US.[1]

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have presented sufficient evidence to establish a reasonable probability that Floran US is the alter ego of Floran. Accordingly, the Court finds that Floran US' contacts with Oklahoma should be imputed to Floran. It is undisputed that Floran US has sufficient continuous and systematic contacts with Oklahoma to subject it to the Court's general jurisdiction; Floran US' business operations are headquartered in Oklahoma City, Oklahoma. Based upon the imputed contacts of Floran US, the Court finds that plaintiffs have satisfied their burden of establishing that this Court has general jurisdiction over Floran.[2]

Even if a court has found general jurisdiction over a defendant, it must still consider whether the exercise of personal jurisdiction over the defendant would "offend traditional notions of fair play and substantial justice." *Intercon*, 205 F.3d at 1247 (internal quotations and citation omitted). "This inquiry requires a determination of whether the district court's exercise of personal jurisdiction over defendant is reasonable in light of the circumstances surrounding the case." *Id.* In deciding whether the exercise of jurisdiction is reasonable, a court should consider the following factors:

---

[1] The Court would note that plaintiffs have yet to obtain any discovery from Floran and that additional evidence regarding the alter ego issue likely will be produced.

[2] The Court would note that at the trial on the merits, plaintiffs must prove facts sufficient to establish personal jurisdiction over Floran by a preponderance of the evidence.

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policy.

*Id.* at 1249.

Having reviewed the parties' submissions, and having considered the above factors, the Court finds that the exercise of jurisdiction over Floran is reasonable.  First, the Court finds that there would be minimal burden on Floran; it is an international company accustomed to conducting business in the United States, and specifically in Oklahoma where Floran US is headquartered.  Second, the Court finds Oklahoma has a manifest interest in providing a forum in which employees of Oklahoma corporations can obtain redress caused by injuries inflicted by both Oklahoma and out of state companies.  Third, the Court finds that plaintiffs' chances of recovery will be diminished by forcing them to litigate against Floran in another forum because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit.  Fourth, Oklahoma seems to be the most efficient place to litigate the dispute.  Fifth, the Court finds that the states of Oklahoma, Arkansas, and Illinois[3] have a shared interest in furthering fundamental substantive social policies – Oklahoma has an interest in preventing Oklahoma corporations from refusing to pay wages, and Arkansas and Illinois have an interest in seeing that their citizens are not defrauded of money to which they are entitled.

Accordingly, for the reasons set forth above, the Court finds that it has personal jurisdiction

---

[3] Plaintiffs are citizens of Arkansas and Illinois.

over Floran.[4]  The Court, therefore, DENIES Floran's Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Personal Jurisdiction [docket no. 110].

**IT IS SO ORDERED this 19th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4] In finding that the Court has personal jurisdiction over Floran, the Court is making no finding regarding the merits of plaintiffs' claims or the ultimate liability of Floran.