**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ROBERT HAMILTON and RICHARD A. KUS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>WATER WHOLE INTERNATIONAL )<br>CORPORATION d/b/a FLORAN )<br>TECHNOLOGIES, an Oklahoma )<br>corporation; FLORAN TECHNOLOGIES )<br>(BARBADOS), INC.; FLORAN )<br>TECHNOLOGIES (U.S.), INC.; )<br>WOLFGANG ZWANZIGER, an )<br>individual; and FLORAN )<br>TECHNOLOGIES, INC., a Canadian )<br>corporation, )<br>)<br>Defendants. ) | Case No. CIV-04-1216-M |

**ORDER**

This case is currently set on the Court's September, 2006 trial docket.

Before the Court is defendants Water Whole International Corporation ("Water Whole") and Wolfgang Zwanziger's ("Zwanziger") Combined Motion for Summary Judgment against Plaintiff, Richard A. Kus ("Kus"), filed on July 26, 2006. On August 21, 2006, Kus filed his response, and on August 28, 2006, Water Whole and Zwanziger filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Kus was hired as the North/Central Regional Sales Manager for Water Whole. Starting in March, 2003, Water Whole did not pay Kus his salary. Water Whole contends that all salaries were terminated due to a lack of cash flow. Kus alleges that Zwanziger, president of Water Whole, and Lori A. Russell, controller for Water Whole, both told him that Water Whole was unable to pay the

salary owed to him due to temporary "cash flow" problems but that he would be caught up with all back salary and expenses that he was due.

Kus also alleges that in May, 2003, Zwanziger promised him and other employees that they each would be given 1,000 shares of company stock as a bonus for "staying the course" during the difficult financial times. Zwanziger and Water Whole deny that this promise was made.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion[1]

    A.   Liability of Zwanziger

Zwanziger asserts that he cannot be held individually liable for Water Whole's debts because at all times at issue, he acted in his official capacity as president of Water Whole.[2] Kus, however, contends that Zwanziger is liable because Water Whole is the "alter ego" of Zwanziger.

The general rule is that a corporation is a distinct legal entity separate and apart from other legal entities and stockholders. *Gulf Oil Corp. v. State*, 360 P.2d 933, 936 (Okla. 1961). However, under the "alter ego" doctrine, this distinction may be ignored if it can be shown that there is a scheme to defraud or where a corporation is so organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct of another. *Seitsinger v. Dockum Pontiac Inc.*, 894 P.2d 1077, 1079 (Okla. 1995); *Okla. Oil & Gas Exploration Drilling Program 1983-A v. W.M.A. Corp.*, 877 P.2d 605, 609 (Okla. Ct. App. 1994).

> To establish the "alter-ego" doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.

*Okla. Oil & Gas Exploration*, 877 P.2d at 609 (quoting 1 Fletcher *Cyclopedia of the Laws of Private Corporations*, § 41.10 (Rev. Vol. 1990)).

Under Oklahoma law, a corporation may be deemed to be a mere instrumentality of an

---

[1] In their motion for summary judgment, Water Whole and Zwanziger do not specifically move for summary judgment on Kus' fraud claim. The Court, accordingly, will not address Kus' fraud claim.

[2] Zwanziger is also a majority shareholder of Water Whole.

3

individual if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation or vice versa, (4) corporate formalities are not followed, or (5) the corporation is merely a sham. *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1018 (10th Cir. 1990).

Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to Kus, as the Court must at the summary judgment stage, the Court finds that Kus has presented sufficient evidence to create a genuine issue of material fact as to whether Water Whole is the alter ego of Zwanziger. Specifically, Kus has presented evidence that Water Whole was undercapitalized, that Water Whole failed to conduct proper board meetings and maintain proper record keeping, that Water Whole's finances were not kept separate from Zwanziger's individual finances, and that corporate formalities were not followed. Accordingly, the Court finds that Zwanziger is not entitled to summary judgment on the issue of his individual liability.

B.     Waiver of affirmative defenses

In their motion for summary judgment, Water Whole and Zwanziger assert that Kus' claim for the allegedly promised bonus of 1,000 shares of stock is barred for lack of consideration and for failure to satisfy the statute of frauds. In his response, Kus asserts that Water Whole and Zwanziger have waived these affirmative defenses by failing to plead them.

Federal Rule of Civil Procedure 8(c) provides, in pertinent part: "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . failure of consideration, . . . statute of frauds, . . . and any other matter constituting an avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(c). The Tenth Circuit has held that Rule 8(c) "requires that affirmative defenses be pleaded or they are

deemed waived." *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1539 (10th Cir. 1991). The purpose of Rule 8(c) is to put the plaintiff "on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance. . . ." *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443-44 (10th Cir. 1992) (internal quotations omitted). Thus, a court "must be especially careful to scrutinize the record to insure that plaintiff had sufficient notice and opportunity to rebut an allegedly tardily raised affirmative defense." *Renfro*, 948 F.2d at 1539 (internal quotations omitted).

This action was filed on September 27, 2004, and plaintiffs have filed two amended complaints. Neither Water Whole nor Zwanziger raised lack of consideration or statute of frauds as an affirmative defense in any of the answers they filed.[3] Further, Water Whole did not raise these issues in the Joint Status Report.[4]

Having carefully reviewed the Court file, the Court finds that Water Whole and Zwanziger first raised these affirmative defenses in their motion for summary judgment, which was filed on July 27, 2006, a little over one month before this case was set for trial and less than a month before the discovery deadline. The Court finds that Kus, accordingly, did not have sufficient notice and opportunity to rebut these tardily raised affirmative defenses and would be prejudiced if the Court allowed Water Whole and Zwanziger to assert them at this late date. The Court, therefore, finds Water Whole and Zwanziger have waived the defenses of lack of consideration and statute of frauds.

C. Res judicata

Kus filed a wage claim with the Illinois Labor Board pursuant to the Illinois Wage Payment

---

[3] Originally, Water Whole was the only defendant in this case. Zwanziger did not become a defendant until Kus' First Amended Complaint.

[4] At the time the Joint Status Report was filed, only Water Whole was a defendant in this case.

and Collection Act. Water Whole and Zwanziger assert that Kus' claims seeking back wages and the allegedly promised shares of stock in the case at bar are the same as those filed by Kus in his claim with the Illinois Labor Board and that Kus' claims, accordingly, are barred by the doctrine of res judicata.

"A final adjudicative administrative decision may have the same preclusive effect as the judgment of a court provided that the proceeding in which the administrative decision is made meets the standards for preclusive effect applicable to judicial decisions." *State ex rel. Dep't of Transp. v. Little*, 100 P.3d 707, 719 (Okla. 2004). The United States Supreme Court has held "that when a state agency <u>acting in a judicial capacity</u> . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) (internal quotations and citation omitted) (emphasis added).

The Illinois Labor Board's proceedings pursuant to the Illinois Wage Payment and Collection Act "are not judicial in nature and, thus, have no preclusive effect in subsequent civil or criminal litigation." *Rekhi v. Wildwood Enters., Inc.*, 579 N.E.2d 1189, 1192 (Ill. Ct. App. 1991); *see also*, *Rekhi v. Wildwood Indus., Inc.*, 816 F. Supp. 1312, 1316 (C.D. Ill. 1993); *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313 (7th Cir. 1995). Accordingly, the Court finds that Kus' claims are not barred by the doctrine of res judicata.

D. <u>Oklahoma Labor Act</u>

Water Whole and Zwanziger contend that Kus' claim for recovery under the Oklahoma Labor Act, Okla. Stat. tit. 40, §§ 165.1, *et seq.*, should be denied due to lack of jurisdiction.

Specifically, Water Whole and Zwanziger assert that because Kus was not a resident of Oklahoma during the tenure of his employment, he can not bring an action under the Oklahoma Labor Act.

Section 165.1 of the Oklahoma Labor Act defines "employer" and "employee" as follows:

> 1. "Employer" means every individual, partnership, firm, association, corporation, the legal representative of a deceased individual, or the receiver, trustee or successor of an individual, firm, partnership, association or corporation, employing any person in this state;
> 2. "Employee" means any person permitted to work by an employer;
> . . .

Okla. Stat. tit. 40, § 165.1.

In the case at bar, it is undisputed that Water Whole employed individuals in Oklahoma and, thus, falls within the Oklahoma Labor Act's definition of employer. It is also undisputed that Kus was a resident of Illinois during his employment with Water Whole. Thus, the Court must determine whether the Oklahoma Labor Act, and specifically the Act's definition of employee, applies to employees who do not reside in Oklahoma but who work for a company that employs other individuals in Oklahoma.

"Generally, statutes must be interpreted in accordance with their plain, ordinary meaning according to the import of the language used." *Graham v. Travelers Ins. Co.*, 61 P.3d 225, 232 (Okla. 2002). Further, a court should not interpret statutes in a way that concludes that the legislature has done a vain and useless act. *TRW/Reda Pump v. Brewington*, 829 P.2d 15, 20 (Okla. 1992).

As set forth above, the Oklahoma Labor Act specifically limits the definition of employer to those employers "employing any person in this state." The definition of employee, however, is not so limited and, based upon its language, does not require that all employees "live in" or "work

in" Oklahoma.  The Court finds that this distinction must be recognized and that to ignore it would reduce the Oklahoma legislature's efforts to mere surplusage.  Therefore, the Court finds that the Oklahoma Labor Act applies to employees who do not reside in Oklahoma but who work for a company that employs other individuals in Oklahoma.[5]

Accordingly, the Court finds that Kus can bring a claim under the Oklahoma Labor Act.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Water Whole and Zwanziger's Combined Motion for Summary Judgment against Plaintiff, Richard A. Kus [docket no. 138].

**IT IS SO ORDERED this 31st day of August, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5]In their motion for summary judgment and reply, Water Whole and Zwanziger rely on *Glass v. Kemper Corp.*, 920 F. Supp. 928 (N.D. Ill. 1996), to support their position that Kus cannot bring an action under the Oklahoma Labor Act.  In *Glass*, however, the United States District Court for the Northern District of Illinois was interpreting the Illinois Wage Payment and Collection Act, which did not define "employee" in the act.  Additionally, in its opinion, the court noted that the Indiana Wage Payment Statute, which explicitly limited employers covered by the statute to those in Indiana but did not so limit employees, is an example of how Illinois could have worded its act to include out-of-state employees within its purview.  *Id.* at 932-33.  The Court, therefore, finds that the analysis in *Glass* is inapplicable to the instant case and that the Oklahoma Labor Act is more analogous to the Indiana Wage Payment Statute, which the Indiana Court of Appeals found applied to an out-of-state employee.  *See Huff v. Biomet, Inc.*, 654 N.E.2d 830 (Ind. Ct. App. 1995).