**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ROBERT HAMILTON and RICHARD A. KUS, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>WATER WHOLE INTERNATIONAL CORPORATION d/b/a FLORAN TECHNOLOGIES, an Oklahoma corporation; FLORAN TECHNOLOGIES (BARBADOS), INC.; FLORAN TECHNOLOGIES (U.S.), INC.; WOLFGANG ZWANZIGER, an individual; and FLORAN TECHNOLOGIES, INC., a Canadian corporation, )<br><br>Defendants. ) | Case No. CIV-04-1216-M |

**ORDER**

This case is currently set on the Court's September, 2006 trial docket.

Before the Court is defendants Floran Technologies Inc. ("Floran Canada"), Floran Technologies (U.S.) Inc. ("Floran US") and Floran Technologies (Barbados) Inc.'s ("Floran Barbados") (collectively "Floran Defendants") Combined Motion for Summary Judgment, filed July 26, 2006. On August 21, 2006, plaintiffs filed their objection and response, and on August 28, 2006, the Floran Defendants filed their reply. Based on the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiffs were employed by defendant Water Whole International Corporation ("Water Whole"). Starting in March, 2003, Water Whole did not pay plaintiffs their salary. Water Whole contends that all salaries were terminated due to a lack of cash flow. Plaintiffs allege that defendant

Wolfgang Zwanziger ("Zwanziger"), president of Water Whole, and Lori A. Russell, controller for Water Whole, both told them that Water Whole was unable to pay the salary owed to them due to temporary "cash flow" problems but that they would be caught up with all back salary and expenses that they were due. Plaintiffs also allege that Zwanziger promised them various shares of company stock as bonuses. Zwanziger and Water Whole deny that these promises were made. Based upon the above, plaintiffs have filed the instant action against Water Whole and Zwanziger.

On March 31, 2004, Floran Canada entered into a written contract to purchase assets of Water Whole. The effective date of the asset purchase agreement was July 1, 2004. Water Whole's stockholders approved the sale of assets on March 23, 2004. As part of the asset purchase, Floran Canada assumed $2,098,827 of Water Whole's debt.[1] In addition to the assumption of debt, Floran Canada made additional cash payments to Water Whole of $300,000 in May and June, 2004 installments. Transfer of Water Whole's assets to Floran Canada occurred on or about July 1, 2004. Floran Canada then conveyed these assets to Floran US and Floran Barbados, Floran Canada's subsidiaries.

Plaintiffs allege that the Floran Defendants are the alter egos and/or successors in interest of Water Whole and that their separate existences must be disregarded. Specifically, plaintiffs allege that the Floran Defendants are merely the continuation of Water Whole and that the Floran Defendants were created as a means to avoid paying plaintiffs the money they were owed. The Floran Defendants now move for summary judgment.

---

[1] As of December 31, 2003, Water Whole had a working capital deficit of $1,550,000, and as of June 30, 2004, the total accumulated losses of Water Whole was $2,142,039.

II.     Discussion

The general rule is that a corporation is a distinct legal entity separate and apart from other legal entities and stockholders. *Gulf Oil Corp. v. State*, 360 P.2d 933, 936 (Okla. 1961). However, "[i]f one corporation is but an instrumentality or agent of another, corporate distinctions must be disregarded and the two separate entities must be treated as one." *Frazier v. Bryan Mem'l Hosp. Auth.*, 775 P.2d 281, 288 (Okla. 1989). The factors for determining if one corporation may be held liable for the acts of another hinge primarily on control. *Id.* Those factors include: (1) whether the dominant corporation owns or subscribes to all of the subservient corporation's stock; (2) whether the dominant and subservient corporations have common directors and officers; (3) whether the dominant corporation provides financing to the subservient corporation; (4) whether the subservient corporation is grossly undercapitalized; (5) whether the dominant corporation pays the salaries, expenses, or losses of the subservient corporation; (6) whether most of the subservient corporation's business is with the dominant corporation or the subservient corporation's assets were conveyed from the dominant corporation; (7) whether the dominant corporation refers to the subservient corporation as a division or a department; (8) whether the subservient corporation's officers or directors follow the dominant corporation's directions; and (9) whether the corporations observe legal formalities for keeping the entities separate. *Id.*

However,

> the mere fact that stockholders in two corporations are the same persons does not destroy the legal identity of the corporations; nor is the fact that one corporation may be in a position to exercise controlling influence through the ownership of stock, or the identity of stockholders, in itself operate to merge the two corporations. There must be something more. Generally speaking, it must appear from an examination of the entire facts, either (1) that the separate corporate existence is a design or scheme to perpetuate fraud, or (2)

> that one corporation is so organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct of another corporation. In other words, it must appear that one corporation is merely a dummy or sham. In such cases the distinct corporate entity will be disregarded and the two corporations will be treated as one.

*Wallace v. Tulsa Yellow Cab Taxi & Baggage Co.*, 61 P.2d 645, 648 (Okla. 1936). *See also Warner v. Hillcrest Med. Ctr.*, 914 P.2d 1060, 1067 (Okla. 1995) ("The showing of a common board of directors and a unity of corporate purpose is insufficient to pierce the corporate veil."); *Frazier*, 775 P.2d at 288 n.34 ("Something more than a community of interest in pursuit of a common end must be shown before a court of equity will, for the purposes of a given case, strip two corporation of their distinct personalities and practically blend them into one.").

Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to plaintiffs, as the Court must at the summary judgment stage, the Court finds that plaintiffs have not submitted sufficient evidence to create a genuine issue of material fact as to whether the Floran Defendants are the alter egos and/or successors in interest of Water Whole. While plaintiffs have presented evidence that Water Whole and the Floran Defendants have common directors and officers, the Court finds that this is the only factor that plaintiffs have shown, and as is set forth above, such a showing is insufficient to pierce the corporate veil. In their response, plaintiffs assert that Floran Canada owns all of the stock of Water Whole; however, plaintiffs provide no evidence to support this assertion. Additionally, plaintiffs assert that the Floran Defendants share an IP address, a business address, and the same phone and fax numbers as Water Whole. However, while the Floran Defendants currently have the same IP address, business address, and phone and fax numbers that Water Whole had, plaintiffs have presented no evidence that the Floran Defendants and Water Whole had these same addresses and phone numbers at the

same time. In fact, the evidence, and specifically the asset purchase agreement, shows that Floran Canada acquired Water Whole's leased premises, equipment, etc. as a part of the asset purchase. Finally, in their response, plaintiffs assert that various other factors are satisfied; however, plaintiffs improperly rely upon the relationships between the Floran Defendants themselves and do not rely upon the relationship between Water Whole and the Floran Defendants.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Floran Defendants' Combined Motion for Summary Judgment [docket no. 135].

**IT IS SO ORDERED this 5th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE