**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES ROBERT HAMILTON and | ) | |
| RICHARD A. KUS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1216-M |
| | ) | |
| WATER WHOLE INTERNATIONAL | ) | |
| CORPORATION d/b/a FLORAN | ) | |
| TECHNOLOGIES, an Oklahoma | ) | |
| corporation; FLORAN TECHNOLOGIES | ) | |
| (BARBADOS), INC.; FLORAN | ) | |
| TECHNOLOGIES (U.S.), INC.; | ) | |
| WOLFGANG ZWANZIGER, an | ) | |
| individual; and FLORAN | ) | |
| TECHNOLOGIES, INC., a Canadian | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants Water Whole International Corporation and Wolfgang

Zwanziger's ("Defendants") Renewed Motion for Judgment as a Matter of Law, filed October 3,

2006. On October 23, 2006, plaintiffs filed their response and objection to Defendants' motion for

judgment as a matter of law. Also before the Court is Defendants' Motion for New Trial, filed

October 3, 2006. On October 12, 2006, Defendants filed supplemental authority in support of their

motion. On October 23, 2006, plaintiffs filed their response and objection to Defendants' motion

for new trial, and on November 13, 2006, Defendants filed a reply.

I.     Introduction

Plaintiffs filed the instant action against Defendants alleging claims under the Oklahoma

Wage Act for unpaid wages and claims for false representation/nondisclosure. Plaintiffs further

alleged that defendant Wolfgang Zwanziger ("Zwanziger") was individually liable because

defendant Water Whole International Corporation ("Water Whole") was the "alter ego" of

Zwanziger.  The case was tried to a jury on September 11 through 15, 2006.  At the conclusion of

plaintiffs' case in chief, Defendants moved for judgment as a matter of law.  The Court denied

Defendants' motion.

       After deliberation, the jury returned a verdict in favor of plaintiffs and against Defendants.

The jury awarded plaintiff James Robert Hamilton $220,000.00 in compensatory damages and

$100,000.00 in punitive damages and awarded plaintiff Richard A. Kus $153,000.00 in

compensatory damages and $100,000.00 in punitive damages.

II.    Applicable Standards

       "Judgment as a matter of law is warranted only if the evidence points but one way and is

susceptible to no reasonable inferences supporting the party opposing the motion.  We do not weigh

the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the

jury.  However, we must enter judgment as a matter of law in favor of the moving party if there is

no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law."

*Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations

omitted).  In considering a motion for judgment as a matter of law, the court should construe the

evidence and inferences most favorably to the non-moving party.  *Doan v. Seagate Tech., Inc.*, 82

F.3d 974, 976 (10th Cir. 1996).

       "The decision whether to grant a new trial is committed to the informed discretion of the

district court."  *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987).  In considering a

motion for new trial, the court must view the evidence in the light most favorable to the prevailing

party.  *Joyce v. Davis*, 539 F.2d 1262, 1264 (10th Cir. 1976).  "[T]he party seeking to set aside a jury

verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). A new trial is appropriate if the verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986) (internal citations omitted).

III.   Discussion

Defendants allege that a new trial should be granted for the following reasons:

> 1.   The Court's instructions on the wage claim failed to instruct on the elements of the claim or the burden of proof, in effect directed a verdict for plaintiffs on that claim and failed to instruct on the central factual questions, namely whether plaintiffs and defendant Water Whole agreed to different terms of their employment contracts.
> 2.   The Court erroneously excluded evidence bearing on the question of whether Plaintiffs agreed to change the terms of employment on or about March 31, 2003 from employee to independent contractor or, alternatively, agreed that their compensation would be on a commission rather than salaried basis.
> 3.   The Court erred in instructing the jury on liquidated damages because there was no evidence to warrant the instruction and the instruction failed to provide that Plaintiff had the burden of establishing that element by clear and convincing evidence.
> 4.   The Court should not have instructed the jury upon the alter ego theory, because the theory was unsupported in fact or law. Alternatively, the alter ego instruction submitted to the jury impermissibly permitted the jury to find alter ego liability on any grounds whatsoever, eviscerating the legal requirements necessary to pierce the corporate veil;
> 5.   The Court erred in submitting the fraud claims to the jury, because the claims were unsupported by the facts or the law.
> 6.   Plaintiffs were permitted to introduce evidence of alleged damages for mental distress that was beyond the scope of their claims in the Second Amended Complaint and the Pretrial Report and such admission was prejudicial to Defendants.
> 7.   Plaintiffs' counsel repeatedly, and over objection of Defendants, framed questions and made arguments predicated upon allegations of fact that were neither supported by the evidence nor reasonable inferences from the evidence.

8.      The verdict was contrary to the evidence and shocks the conscience.

9.      The amount of the jury verdict was unsupported by the evidence and excessive in fact and law.

10.      Although both the wage claims and fraud claims were based on the Plaintiffs' version of events and conversations which were disputed by Defendants, thereby making Plaintiffs' credibility a central issue, the Court effectively precluded Defendants from challenging Plaintiffs' credibility through cross-examination or direct evidence.  These errors included, but were not limited to, errors of the Court in:

  (a)      Preventing Defendants from cross-examining Plaintiffs about their other employment and income during the period after March 31, 2003.

  (b)      Excluding tax records of Plaintiff;

  (c)      Evidence of other bad acts by Plaintiffs, including the attempt by Plaintiff Hamilton to sell rights to manufacture Optio to Water Whole that Hamilton neither owned nor had the right to transfer;

  (d)      Excluding proffered testimony of Jeff Shulhoff relating to Plaintiff Hamilton's character and to impeach Hamilton;

  (e)      Excluding evidence that salaried employees at Water Whole were required to work exclusively for Water Whole;

  (f)      Excluding evidence that Plaintiff Hamilton sold products of Water Whole's competitors to Water Whole's customers during the period in dispute; and

  (g)      Excluding evidence of Plaintiffs' job performance as employees of Water Whole.

11.      The Court erred in admitting evidence of settlements with other employees.

12.      The Court erred in instructing the jury on the Wage Act claims, because the Plaintiffs' employment was at all times outside the state of Oklahoma, and the Oklahoma Wage Act, 40 O.S. § 165.1 does not have extraterritorial effect.

13.      The Court erred in submitting the wage claim of Plaintiff Kus to the jury, because that claim was barred by the doctrine of *res judicata*/issue preclusion.

14.      The Court erred in permitting an award for the value of 1000 shares allegedly promised as a bonus, because there was no consideration, it was barred by the statute of frauds, there was no competent evidence of value of that stock; and the jury's award of $10,000 upon that claim is unsupported by and is contrary to the

evidence.
15.     There was no factual or legal basis to warrant submission of
punitive damages to the jury.
16.     The Court erred in precluding testimony by Defendant
Zwanziger concerning the personal circumstances which caused his
absences from the company.

Defendants' Motion for New Trial at 2-4.[1]

    A.     Wage claims

Defendants assert the Court's jury instructions regarding plaintiffs' wage claims were

erroneous.  Specifically, Defendants contend the Court's instructions effectively directed a verdict

upon plaintiffs' claims under the Oklahoma Wage Act, failed to instruct the jury on the elements of

a claim under the Oklahoma Wage Act, and did not allow the jury to determine the contractual

issues involved in this claim, i.e. whether the terms of employment had changed when plaintiffs

ceased receiving salary, even though requested to do so by Defendants.

The Oklahoma Wage Act provides, in pertinent part:

> Whenever an employee's employment terminates, the employer shall
> pay the employee's wages in full, less offsets and less any amount
> over which a bona fide disagreement exists, as defined by Section
> 165.1 of this title, at the next regular designated payday established
> for the pay period in which the work was performed . . . .

Okla. Stat. tit. 40, § 165.3(A).  Thus, in order to state a claim under the Oklahoma Wage Act, a

plaintiff must prove he was an employee, his employment was terminated, and the amount of his

unpaid wages.

In the case at bar, it was undisputed that plaintiffs, at least until the end of March, 2003, were

employees of Water Whole and that at some point in time their employment was terminated, thereby

---

    [1]In their Renewed Motion for Judgment as a Matter of Law, Defendants reassert reasons 4,
5, 12, and 13 set forth above.

satisfying the first two elements.  Thus, it was up to the jury to determine at what point in time

plaintiffs' employment terminated and, based upon that determination, the amount of unpaid wages

to which plaintiffs were entitled.  Having carefully reviewed the Court's jury instructions regarding

plaintiffs' wage claims, the Court finds that the jury was properly advised of its duty to make these

determinations and that the jury instructions, as a whole, accurately stated the law regarding, and

specifically the elements of, plaintiffs' wage claims.  Accordingly, the Court finds that its jury

instructions regarding plaintiffs' wage claims were not erroneous.  Additionally, viewing the

evidence and inferences in the light most favorable to plaintiffs, the Court finds there is a legally

sufficient evidentiary basis to support the determination that plaintiffs remained employees after

March, 2003 and that they would continue to be compensated on a salary basis.

Defendants also assert the Court erred in excluding evidence of plaintiffs' other economic

ventures during the period of time at issue in this case and in excluding evidence of sales by

plaintiffs which would have shown that plaintiffs were selling other products to Water Whole's

customers.  Having carefully reviewed this matter, the Court finds that this evidence was irrelevant

to the matters at issue in this case and that it was properly excluded.

B.     Liquidated damages

Defendants assert the Court erred in instructing the jury on liquidated damages because there

was no evidence to warrant the instruction and the instruction did not state that plaintiffs had the

burden of proving their entitlement to liquidated damages by clear and convincing evidence.[2]

Viewing the evidence and inferences in the light most favorable to plaintiffs, the Court finds the

---

[2]Other than noting this alleged error at the outset of their motion, Defendants provide no additional argument or authority regarding this allegation.

evidence does not point but one way but is, in fact, susceptible of reasonable inferences supporting

plaintiffs and that there is a legally sufficient evidentiary basis to support the submission of the

liquidated damages instruction to the jury.  Additionally, the Court finds that Jury Instruction No.

13, the liquidated damages instruction, is a proper instruction that accurately reflects the law.

> C.      Alter ego liability

The general rule is that a corporation is a distinct legal entity separate and apart from other

legal entities and stockholders.  *Gulf Oil Corp. v. State*, 360 P.2d 933, 936 (Okla. 1961).  However,

under the "alter ego" doctrine, this distinction may be ignored if it can be shown that there is a

scheme to defraud or where a corporation is so organized and controlled and its affairs so conducted

that it is merely an instrumentality or adjunct of another.  *Seitsinger v. Dockum Pontiac Inc.*, 894

P.2d 1077, 1079 (Okla. 1995); *Okla. Oil & Gas Exploration Drilling Program 1983-A v. W.M.A.*

*Corp.*, 877 P.2d 605, 609 (Okla. Ct. App. 1994).

> To establish the "alter-ego" doctrine it must be shown that the
> stockholders' disregard of the corporate entity made it a mere
> instrumentality for the transaction of their own affairs; that there is
> such unity of interest and ownership that the separate personalities of
> the corporation and the owners no longer exist; and to adhere to the
> doctrine of corporate entity would promote injustice or protect fraud.

*Okla. Oil & Gas Exploration*, 877 P.2d at 609 (quoting 1 Fletcher *Cyclopedia of the Laws of Private*

*Corporations*, § 41.10 (Rev. Vol. 1990)).

Under Oklahoma law, a corporation may be deemed to be a mere instrumentality of an

individual if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are

not kept separate from individual finances, individual obligations are paid by the corporation or vice

versa, (4) corporate formalities are not followed, or (5) the corporation is merely a sham.  *Home-*

*Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1018 (10th Cir. 1990).

Defendants assert that there was insufficient evidence in this case to support a finding of alter ego liability and that the alter ego liability jury instruction was erroneous.  During trial, plaintiffs presented evidence that the board of directors for Water Whole was a "puppet board" controlled by Zwanziger, that Zwanziger paid for employees to attend his wedding using Water Whole funds, and that Zwanziger sold shares of Water Whole stock without board approval and placed the money from such sales into his personal bank account.  Viewing the evidence and inferences in the light most favorable to plaintiffs, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding of alter ego liability.  Additionally, the Court finds that Jury Instruction No. 22, the alter ego liability instruction, is a proper instruction that accurately reflects the law.

D.      Fraud claim

Defendants assert plaintiffs' fraud claims were unsupported by the facts and the law and should not have been submitted to the jury.  Specifically, Defendants assert there was no evidence that the statements, if made, were made with knowledge of their falsity and with the intent that they would not be carried out.

Viewing the evidence and inferences in the light most favorable to plaintiffs, the Court finds there is a legally sufficient evidentiary basis to support the jury's finding of fraud.  Specifically, the Court finds there is a legally sufficient evidentiary basis to support a finding that the statements made were made with knowledge of their falsity and with the intent that they would not be carried out.

E.      Mental distress damages

Defendants assert the Court erred in allowing plaintiffs to introduce evidence of alleged mental distress damages.  Having carefully reviewed this matter, the Court finds the evidence of

mental distress damages was properly admitted.  The Court finds that the admission of such evidence

was not unduly prejudicial and that Defendants were allowed an ample opportunity to cross-examine

plaintiffs regarding their testimony about their mental distress.  Finally, the Court finds no bad faith

or willfulness on the part of plaintiffs in failing to specifically list mental distress as a damage they

were seeking.

   F.  Alleged misconduct by plaintiffs' counsel

  Defendants assert that plaintiffs' counsel repeatedly presented as fact matters which were

not true and contrary to the evidence and that such misconduct was prejudicial to Defendants and

warrants a new trial.  Having carefully reviewed this matter, and particularly the portions of the trial

transcript attached to Defendants' reply, the Court finds no misconduct by plaintiffs' counsel.  The

Court further finds that the alleged presentation as fact of matters which were not true was not

unduly prejudicial to Defendants as they presented ample evidence showing that those matters were

not true.

   G.  Verdict

  Defendants assert the jury's verdict was contrary to the evidence and shocks the conscience.

Defendants further assert the amount of the jury verdict was unsupported by the evidence and

excessive in fact and law.

  Defendants "bear the heavy burden of demonstrating that the verdict was clearly, decidedly,

or overwhelmingly against the weight of the evidence." *Blanke v. Alexander*, 152 F.3d 1224, 1236

(10th Cir. 1998) (internal quotations and citations omitted).  Further, "absent an award so excessive

or inadequate as to shock the judicial conscience and to raise an irresistible inference that passion,

prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact

is considered inviolate." *Id.* (internal quotations and citations omitted).

Viewing the evidence and inferences in the light most favorable to plaintiffs, the Court finds

that Defendants have not met their burden of demonstrating that the verdict is clearly, decidedly, or

overwhelmingly against the weight of the evidence.  The Court further finds there is a legally

sufficient evidentiary basis to support the jury's verdict.  Finally, the Court finds that the amount of

the jury verdict is not so excessive as to shock the judicial conscience and that the amount is

supported by a sufficient evidentiary basis.

H.      Evidentiary rulings

Defendants assert the Court erred in excluding certain evidence.[3]  Defendants contend the

Court erred in excluding certain evidence which would have shown that plaintiff James Robert

Hamilton did not have a good reputation for veracity and in excluding evidence of other bad acts

by plaintiffs.  Having carefully reviewed this matter, the Court finds that the exclusion of this

evidence was proper.

I.      Evidence of settlements with other employees

Defendants assert the Court erred in admitting evidence of settlements with other employees.

Specifically, Defendants contend that such evidence is prohibited by Federal Rule of Evidence 408

and that none of the exceptions to that rule apply.  In the Final Pretrial Report, Defendants listed all

documents related to Tobey Simpson's wage claim lawsuit against Water Whole as their own

exhibits.  *See* Final Pretrial Report [docket no. 191], Defendants' exhibits WHI 658-894.  Because

Defendants listed the documents the admission of which they are now objecting to in the Final

---

[3]The Court addressed much of this evidence in relation to plaintiffs' wage claims.  *See* Section III(A) *supra*.

Pretrial Report as their own exhibits, the Court finds that Defendants have waived any objection to them.  Accordingly, the Court finds that it did not err in admitting these documents.

       J.      Standing under Oklahoma Wage Act

Defendants assert the Court erred in submitting plaintiffs' wage claims to the jury.  Specifically, Defendants assert plaintiffs did not have standing to assert these claims because they were employed outside Oklahoma and the Oklahoma Wage Act does not have extraterritorial effect.  This same argument was advanced by Defendants in their motions for summary judgment, which this Court denied on August 31, 2006.  For the same reasons set forth in its August 31, 2006 Orders [docket nos. 193 and 194], the Court finds that it did not err in submitting plaintiffs' wage claims to the jury.

       K.      *Res judicata*/issue preclusion

Defendants assert the Court erred in submitting plaintiff Richard A. Kus' wage claim to the jury because it was barred by *res judicata*/issue preclusion.  This same argument was advanced by Defendants in their motion for summary judgment, which this Court denied on August 31, 2006.  For the same reasons set forth in its August 31, 2006 Order [docket no. 194], the Court finds that it did not err in submitting plaintiff Richard A. Kus' wage claim to the jury.

       L.      Award for value of 1000 shares of stock

Defendants assert this Court erred in permitting an award for the value of 1000 shares of stock allegedly promised as a bonus.  Specifically, Defendants assert plaintiffs' claims regarding the shares of stock are void for want of consideration and barred by the statute of frauds.  These same arguments were advanced by Defendants in their motions for summary judgment, which this Court denied on August 31, 2006.  For the same reasons set forth in its August 31, 2006 Orders [docket

nos. 193 and 194], the Court finds that it did not err in permitting an award for the value of 1000

shares of stock.

Additionally, Defendants assert there was no evidence to support the jury's award of

$10,000.00 for this claim, and specifically there was no evidence to support the jury's finding that

the value of each share of stock was $10.00. Viewing the evidence and inferences in the light most

favorable to plaintiffs, the Court finds there is a legally sufficient evidentiary basis to support the

jury's award of $10,000.00 for this claim, and specifically to support the jury's finding that the value

of this stock was $10.00 per share.

M.    Punitive damages

Defendants assert the Court erred in submitting the issue of punitive damages to the jury.

Specifically, Defendants assert there was no evidence of the type of misconduct which would

warrant submitting punitive damages to the jury, and specifically no evidence of malice, willfulness,

flagrant disregard or fraud. During trial, plaintiffs presented evidence of willfulness and fraudulent

conduct by Defendants. Viewing the evidence and inferences in the light most favorable to

plaintiffs, the Court finds there is a legally sufficient evidentiary basis to support the submission of

punitive damages to the jury and to support the jury's award of punitive damages.

N.    Exclusion of testimony regarding personal circumstances which caused Zwanziger's
       absences from company

Defendants assert the Court erred in preventing Zwanziger from testifying about the personal

circumstances which caused his prolonged absences from the company. Defendants contend this

testimony was relevant because it was explanatory of Zwanziger's lack of knowledge of a number

of operational matters which he had been questioned about and served to rebut the allegations that

he had been guilty of dereliction of duty. Having carefully reviewed this matter, the Court finds that

Zwanziger's testimony as to these matters was properly excluded. Specifically, the Court finds that this proposed testimony was irrelevant to the matters at issue in this case – these personal circumstances and absences occurred some time after the conduct at issue.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Defendants' Renewed Motion for Judgment as a Matter of Law [docket no. 226] and DENIES Defendants' Motion for New Trial [docket no. 224].

**IT IS SO ORDERED this 25th day of June, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE