**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES ROBERT HAMILTON and<br>RICHARD A. KUS,<br><br>           Plaintiffs,<br><br>vs.<br><br>WATER WHOLE INTERNATIONAL<br>CORPORATION d/b/a FLORAN<br>TECHNOLOGIES, an Oklahoma<br>corporation; FLORAN TECHNOLOGIES<br>(BARBADOS), INC.; FLORAN<br>TECHNOLOGIES (U.S.), INC.;<br>WOLFGANG ZWANZIGER, an<br>individual; and FLORAN<br>TECHNOLOGIES, INC., a Canadian<br>corporation,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-04-1216-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court are plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) and plaintiffs' Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, both filed October 3, 2006. On October 18, 2006, defendants Floran Technologies, Inc., Floran Technologies (U.S.), Inc. and Floran Technologies (Barbados), Inc. ("Floran Defendants") filed their response. Plaintiffs move this Court to vacate its September 5, 2006 Order and Judgment granting summary judgment in favor of the Floran Defendants.

I.    Rule 59(e) Motion

"Grounds warranting a motion to reconsider [pursuant to Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs assert the Court's September 5, 2006 Order and

Judgment should be vacated based upon the following newly discovered evidence: (1) at trial defendant Wolfgang Zwanziger ("Zwanziger") testified that Floran Delaware, a new corporation formed during the pendency of this litigation, was paying to defend defendant Water Whole International Corporation ("Water Whole") and Zwanziger, in his capacity as president of Water Whole;[1] (2) on the opening day of trial, counsel for Water Whole and Zwanziger sought to suppress exhibits referencing the Floran Defendants; (3) Martin Holland, shareholder and director of Water Whole and CEO of Floran US and Floran Canada, attended the trial every day and frequently conferred with defense counsel during trial breaks; (4) at trial Zwanziger testified that Russell French, an investor in Water Whole and one of the main sources of money behind Floran Canada, would not invest money into Water Whole after March, 2003 because of the company's debt but that after March, 2003, Floran Canada funneled $300,000 to Water Whole to "keep its doors open" well before a finalized version of the asset purchase agreement had been entered into; (5) at trial Zwanziger testified that there were different versions of the asset purchase agreement; and (6) at trial it was revealed that defendants failed to produce documents which were relevant to the case and requested in discovery and which would have helped prove plaintiffs' position regarding the liability of the Floran Defendants.

Having carefully reviewed plaintiffs' motion, the Court finds that plaintiffs' "newly discovered evidence" does not warrant altering this Court's September 5, 2006 Order and Judgment. Specifically, the Court finds that viewing this newly discovered evidence in conjunction with the evidence that was before the Court in relation to the Floran Defendants' motion for summary

---

[1] The Court would note that Ms. Lori Russell, book keeper for Floran Delaware, testified at trial that Floran Delaware was not paying Zwanziger's attorney's fees.

judgment in the light most favorable to plaintiffs, plaintiffs still have not submitted sufficient evidence to create a genuine issue of material fact as to whether the Floran Defendants are the alter egos of Water Whole. Accordingly, the Court finds that plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) should be denied.

II.     Rule 60(b) Motion

Based upon excusable neglect and/or attorney mistake, plaintiffs move this Court, pursuant to Federal Rule of Civil Procedure 60(b)(1)[2], for relief from the Court's order and judgment granting summary judgment in favor of the Floran Defendants. Specifically, plaintiffs' counsel alleges:

> she erred in anticipating that the Court would recall the prior factual materials and legal arguments that she had asserted in the six briefs identified in footnote 3. Plaintiffs' counsel was neglectful in not restating and reurging such arguments and providing the factual bases for such arguments in drafting the Plaintiffs' Response to Floran Defendants' Combined Motion for Summary Judgment. Plaintiffs' counsel mistakenly believed that she had succeeded in convincing the Court as to such matters in her prior briefs, since Plaintiffs prevailed in such matters, and counsel further mistakenly believed that the Court would recall that such matters had been proven to the Court's satisfaction in prior briefs. Because of these mistaken beliefs, Plaintiffs' counsel stated in conclusory fashion that the Plaintiffs had satisfied the elements necessary to hold the Floran Defendants liable for the acts of Zwanziger and Water Whole, rather than reurging the facts and legal arguments which had been argued previously.

Plaintiffs' Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure at 5-6.

---

[2]Rule 60(b)(1) provides, in pertinent part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

Fed. R. Civ. P. 60(b)(1).

While plaintiffs' counsel may not have restated plaintiffs' previous arguments in detail in the response to the motion for summary judgment, the Court did consider such arguments, and specifically considered all of the arguments set forth in the current motion for relief from judgment, in reaching its decision on the Floran Defendants' Combined Motion for Summary Judgment. Because this Court previously considered these arguments, the Court finds no basis to grant plaintiffs relief from the Court's September 5, 2006 Order and Judgment. Accordingly, the Court finds that plaintiffs' motion for relief from judgment should be denied.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) [docket no. 225] and DENIES plaintiffs' Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure [docket no. 227].

**IT IS SO ORDERED this 26th day of June, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE